UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------x

UNITED STATES OF AMERICA

                 Plaintiff,

       -against-

THE REAL PROPERTIES KNOWN AS:

50 RIVERSIDE BOULEVARD, UNIT 21B
NEW YORK, NEW YORK;

2 RIVER TERRACE, UNIT 12J
NEW YORK, NEW YORK

40 BROAD STREET, UNIT 20FG
NEW YORK, NEW YORK; AND

18 AND 19 COLTS GAIT LANE
COLTS NECK, NEW JERSEY,

                Defendants *in rem*.

                                    **Civil Action 18-09293 (BAM)**

------------------------------------------------------------------x

**MICHAEL KEISTER'S VERIFIED CLAIM AND STATEMENT OF INTEREST IN DEFENDANT PROPERTY**

      Petitioner Michael Keister ("Petitioner" or "Mr. Keister") hereby makes this formal claim and asserts his interest in 18 and 19 Colts Gait Lane, Colts Neck, New Jersey (the "Property"), one of the defendants *in rem* in the above-captioned action.

      For the reasons set forth below, Mr. Keister holds a valid lien on the Property arising from the entry of a judgment in Florida that was domesticated in the State of New Jersey on or about August 2, 2017. Mr. Keister was not a perpetrator, accomplice or party to any of the wrongful acts alleged in the *Verified Complaint for Forfeiture In Rem* filed by the United States of America (the "Government") in the above-captioned civil forfeiture action (the "Action"). Accordingly, Mr. Keister is an "innocent owner" as set forth in 18 U.S.C. § 983(d).

Accordingly, Mr. Keister's judgment lien against the Property is not subject to forfeiture. Mr. Keister respectfully requests argument concerning any disputes that may arise concerning his judgment lien against the Property and any other priority thereon.

## MR. KEISTER'S JUDGMENT LIEN INTEREST IN THE PROPERTY

1. On or about October 5, 2007, Mr. Keister commenced an action in the 11th Judicial Circuit in and for Dade County, Florida against, among others, *Parmjit Singh Parmar a/k/a Paul Parmar*, seeking damages arising from Mr. Parmar's malfeasance, including theft and misappropriation of assets and trade secrets in connection with an aviation management company. A copy of the amended complaint, filed on April 18, 2011, is attached hereto as Exhibit "A" (the "Keister Complaint").

2. On August 11, 2015, the 11th Judicial Circuit in and for Dade County, Florida granted Mr. Keister as plaintiff, summary judgment against defendants Parmjit Singh Parmar a/k/a Paul Parmar, Christopher Doscher, Sotirios Zaharis a/k/a Sam Zaharis, Jeffery Scott Phillips, Eduardo Kuffo, Pegasus Elite Aviation LLC, Pegasus Blue Star Fund Corp., and Paul A. Svensen. A copy of the judgment is annexed hereto as Exhibit "B" (the "Judgment").

3. The Judgment holds each of the defendants (including Mr. Parmar) jointly and severally liable in the amount of $31,000,000.00 as actual damages for defendants' civil theft and $93,000,000.00 as treble damages pursuant to Florida Statute 772.11, which shall bear interest at a rate of 4.75% per year. The approximate amount currently owed under the Judgment is $106,252,500.00 (this being the amount of the final judgment with interest through August 11, 2018), and interest thereafter continues to accrue at a rate of $1,210.27 per day.

4. Defendants, including Mr. Parmar, have not satisfied the Judgment.

5.      Mr. Keister domesticated the Judgment in the State of New Jersey on August 2, 2017, in Monmouth County, New Jersey, A copy of the Judgment domesticated in the State of New Jersey against Mr. Parmar for 19 Colts Gait Lane, Colts Neck, New Jersey, for $93,000,000 as recorded on the public court docket for Monmouth County, New Jersey is annexed hereto as Exhibit "C".

6.      Under New Jersey State law, Mr. Keister's judgment lien against the Property is effective such that Mr. Parmar cannot sell with clear title the Property until the Judgment is satisfied.

7.      The circumstances concerning Mr. Keister's action and Judgment against the defendants in Florida are entirely unrelated to this civil forfeiture matter brought by the Government. Mr. Keister did not know of the conduct alleged by the Government giving rise to forfeiture. Indeed, the acts alleged in the Government's complaint occurred during the period between 2014 – 2017, *i.e.* approximately 11 or more years subsequent to the wrongful acts giving rise to the Keister Complaint (which all occurred during the 2005-06 time period).

8.      Further, it was not until after the Government commenced this civil forfeiture action that Mr. Keister learned of the alleged acts upon which the action is based. Indeed, Mr. Keister's ownership interest in the Property as a creditor arose prior to the actions giving rise to this civil forfeiture actions. Alternatively, Mr. Keister should be considered a bona fide purchaser for value who did not know and was reasonably without cause to believe that the Property was subject to forfeiture at the time that the Judgment was domesticated in New Jersey.

9.      To date, the Government has not provided notice to Mr. Keister of the Action through direct communication, publication, or otherwise.

10. Mr. Keister has a valid claim to, right, and interest in the Property superior to the Government because he holds a valid judgment lien duly domesticated in the State of New Jersey.

11. Any and all transfers of ownership of the Property are and remain subject to Mr. Keister's judgment lien.

12. For the reasons stated above, Mr. Keister is an "innocent owner" whose interest in the Property may not be forfeited.

COZEN O'CONNOR

By:   /s/ John J. Sullivan
John J. Sullivan
457 Haddonfield Road, P.O. Box 5459
Suite 300
Cherry Hill, NJ 08002
856.910.5000
jsullivan@cozen.com
*Attorneys for Petitioner Michael Keister*

## VERIFICATION OF CLAIM

I, Michael Keister, am the Petitioner in the above-captioned matter. I hereby state, pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 30th, 2018

_____
Michael Keister

Sworn to before me on this
30th day of July 2018

_____
Notary Public

RYAN F. GLATT
Commission # 2132136
Notary Public - California
Orange County
My Comm. Expires Oct 29, 2019

## **CERTIFICATE OF SERVICE**

I, John J. Sullivan, hereby certify that on July 30, 2018 I caused a true and correct copy of Michael Keister's Verified Claim and Statement of Interest in Defendant Property with this Court using the CM/ECF system, which provides notice of filing to all counsel of record.

Dated: July 30, 2018

        COZEN O'CONNOR

By:    *s/* John J. Sullivan
    John J. Sullivan
    457 Haddonfield Road, P.O. Box 5459
    Suite 300
    Cherry Hill, NJ 08002
    856.910.5000
    jsullivan@cozen.com
    *Attorneys for Petitioner Michael Keister*