# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

October 2, 2019

To: All counsel of record

## LETTER OPINION AND ORDER

Re: *United States v. Real Properties Known as 50 Riverside Boulevard, et al.,* Civ. A. No. 18-9293 (MCA)

Dear Counsel:

This letter opinion addresses the Government's Motion to Compel claimants Paul Parmar, 21B One River Park, LLC, 2 River Terrace Apartment 12J, LLC, and Dioskouroi Kastor Polydeuces, LLC (collectively, "Claimants") to respond to Rule G special interrogatories. (ECF No. 43). For the reasons that follow, the Government's motion is **GRANTED IN PART and DENIED IN PART**.

## Background

On May 16, 2018, the Government filed a complaint seeking forfeiture of the following defendant *in rem* real properties: (1) 50 Riverside Boulevard, Unit 21B, New York, New York; (2) 2 River Terrace, Unit 12J, New York, New York; (3) 40 Broad Street, Unit 20FG, New York, New York; and (4) 18 and 19 Colts Gait Lane, Colts Neck, New Jersey. (ECF No. 1). The Government alleges that these properties were purchased with the proceeds of a securities fraud scheme perpetrated by Paul Parmar, Sotirios Zaharis, and Ravi Chivukula, who have been indicted in related criminal proceedings. *See United States v. Parmar,* No. 18-cr-735 (MCA). Following the filing of the forfeiture complaint, a number of parties submitted verified claims setting forth their alleged interests in the defendant properties. Of relevance here, Paul Parmar – in his own name and on behalf of the three LLC claimants – filed verified claims in each of the defendant properties. (ECF Nos. 16, 17, 18, 19). Claimants assert that they are the purchasers of record of each defendant property and, as such, have right, title, and interest in the properties superior to that of the Government. (*Id.*). On August 25, 2018, Claimants filed a Rule 12(b)(6) motion to dismiss the civil forfeiture complaint, arguing, *inter alia,* that they purchased three of the four defendant properties with legitimately obtained funds prior to the alleged securities fraud scheme. (ECF No. 20).

In lieu of responding to the motion to dismiss, the Government exercised its right to serve Claimants with 12 special interrogatories seeking additional information about their interests in the defendant properties. *See* Fed. R. Civ. P. Supp. R. G(6)(a), (c) ("[I]f the claimant serves a motion

to dismiss the action, the government must serve the interrogatories within 21 days after the motion is served," but "[t]he government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered the interrogatories.").[1] Claimants asserted blanket objections to the special interrogatories and failed to respond. The Court directed the parties to meet and confer regarding their disputes as to the scope of the special interrogatories and the sufficiency of Claimants' responses thereto, to no avail. (ECF Nos. 36, 41). This motion to compel followed.

## Rule G Interrogatories

Rule G(6) permits the government to serve special interrogatories "limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed" in order to "gather information that bears on the claimant's standing." Fed. R. Civ. P. Supp. R. G(6)(a) & advisory committee's note to 2006 adoption. Indeed, only a claimant "who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)," the government may move at any time before trial to strike a claim "because the claimant lacks standing," and any such motion to strike must be adjudicated prior to a motion to dismiss. Fed. R. Civ. P. Supp. R. G(8)(b)(i), (c)(i)(B), (c)(ii)(A).

"In order to stand before a court and contest a forfeiture, a claimant must meet both Article III and statutory standing requirements." *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007). Statutory standing generally is established by timely filing a verified claim or statement of interest in the defendant property in accordance with Rule G(5). *United States v. $410,000.00 in U.S. Currency*, Civ. A. No. 07-598, 2007 WL 4557647, at *4 (D.N.J. Dec. 21, 2007). Article III standing, on the other hand, requires a claimant to establish a case or controversy in the form of "a legally cognizable interest in the property that will be injured if the property is forfeited to the government." *Id.* (quotation omitted). The Third Circuit has made clear that "even possession of legal title to the *res* may be insufficient to establish standing to contest the forfeiture" where claimants are merely "nominal or straw owners." *United States v. Contents of Accounts Nos. 3034504504 & 144-07143 at Merrill, Lynch, Pierce, Fenner & Smith, Inc. (In re Friko Corp.)*, 971 F.2d 974, 985 (3d Cir. 1992). Instead, "to find the ownership or possessory interest colorable, we have generally required a showing that the claimant independently exercised some dominion or control over the property." *Munoz-Valencia v. United States*, 169 F. App'x 150, 152 (3d Cir. 2006).

Claimants asserted a number of general objections to the Government's special interrogatories. First, Claimants assert that they need not respond to the special interrogatories because the allegations of the civil forfeiture complaint itself establish that that they are the registered owners of the defendant properties and thus have standing to contest forfeiture and also in light of their motion to dismiss. (ECF No. 31-5). Second, Claimants object that the Government propounded the special interrogatories for the improper purpose of avoiding having to answer Claimants' motion to dismiss and motion for disqualification. (*Id.*). Finally, Claimants argue that the interrogatories "go beyond the permissible scope" of information that can be requested pursuant to Rule G(6). (*Id.*).

The Court rejects at the outset any argument that Claimants' motion to dismiss should be

---

[1] Accordingly, Judge Arleo administratively terminated Claimants' motion to dismiss and directed them to refile the motion "[a]fter fully responsive answers [to the Rule G interrogatories] are provided." (ECF No. 37).

2

resolved prior to requiring responses to the Government's special interrogatories. Claimants' proposal is contrary to both the plain language of the Supplemental Rules and Judge Arleo's Order terminating the motion to dismiss pending fully responsive answers to the special interrogatories. *See United States v. $272,000.00, More or Less, in U.S. Currency*, Civ. A. No. 16-6564, 2017 WL 8780158, at *3 (E.D.N.Y. Oct. 26, 2017) ("The filing of a motion to dismiss does not relieve the claimant of her obligation to provide full and complete answers to the government's Special Interrogatories."); *United States v. Approximately $750,000.00 in U.S. Currency*, No. 10 Civ. 6069, 2011 WL 6155687, at *2 (S.D.N.Y. Dec. 8, 2011) (agreeing that "the clear language of Supplemental Rule G prohibits the Court from taking Claimant's proposed approach of deferring his responses to the Special Interrogatories until after the Court addresses his Motion to Dismiss").

As to their first blanket objection to the special interrogatories, Claimants are correct that the civil forfeiture complaint establishes that they are the purchasers of record of each of the respective defendant properties. *See* Compl. ¶¶ 90, 99, 110, 131. But, under *Friko*, possession of legal title to a defendant property does not necessarily end the Article III standing inquiry. A titleholder may still be a nominee who lacks standing. *In re Friko*, 971 F.2d at 986. The complaint alleges detailed schemes to conceal behind corporate entities the true ownership of the 2 River Terrace, 40 Broad Street, and 50 Riverside Boulevard properties, as well as the identity of the purchaser of a mortgage on the Colts Neck property. *See, e.g.*, Compl. ¶¶ 90, 91, 97 (alleging that the address listed on the deed for the LLC that purchased 2 River Terrace is that of a law firm, the true purchaser was Paul Parmar, but the proposed occupants of the property were Salil and Kiran Sharma); *id.* ¶¶ 110, 113 (alleging that the address listed on the deed for the LLC that purchased 40 Broad Street is an office building in Hazlet, New Jersey and the proposed occupant was Harry Parmar); *id.* ¶¶ 130-31 (alleging that the address for the LLC that purchased 50 Riverside Boulevard is that of a law firm and the ultimate owner was identified only as a "family trust"); *id.* ¶¶ 107-09 (alleging that "Aquila Alpha LLC" purchased mortgage on Colts Neck property from Deutsche Bank, Paul Parmar "appears to be the person in control of the company," but Aquila Alpha LLC filed a notice of foreclosure against Paul Parmjit a/k/a Parmjit Singh Parmar a/k/a Parmjit Parmarpar as to the Colts Neck property). Thus, the Government may propound Rule G special interrogatories to inquire whether Claimants are merely straw owners or if they "independently exercised some dominion or control" over the defendant properties. *See United States v. $39,557, More or Less, in U.S. Currency*, Civ. A. No. 07-449, 2008 WL 2901318, at *2 (D.N.J. May 21, 2008) (granting Government's motion to compel responses to special interrogatories and finding that "[s]ince plaintiff is challenging Harold's standing to pursue his claim to the seized money, it is clear that plaintiff may conduct discovery relevant to determining Harold's Article III standing"). *Cf. United States v. $215,587.22 in U.S. Currency*, 282 F. Supp. 3d 109, 113 (D.D.C. 2017) ("Because the Government is not limited to when it may issue Rule G(6) interrogatories, having standing to challenge a forfeiture case with a motion to dismiss does not preclude the Government from issuing G(6) interrogatories early in the case to test whether a claimant has standing on the merits."); *United States v. $307,970.00 in U.S. Currency*, No. 4:12-CV-136-FL, 2013 WL 4095373, at *3 (E.D.N.C. Aug. 13, 2013) ("Even assuming that claimants' sworn assertion of ownership successfully establishes standing sufficient to survive a motion to dismiss, that assertion may not be sufficient to establish standing by a preponderance of the evidence at hearing. Accordingly claimants' argument that the government's motion to compel [responses to Rule G special interrogatories] is improper where they claim to have sufficiently established standing for the pleading stage misses the mark.").

As to their second blanket objection to the special interrogatories, the Court can discern no improper purpose from the Government's use of special interrogatories in this case to date. While Claimants believe the Government is attempting to "improperly shift the burden" to require them to

3

disprove the allegations in the complaint, the Court finds that these special interrogatories are specifically authorized by the Supplemental Rules, and, as discussed and limited below, generally go to the "threshold consideration" in civil forfeiture actions – *i.e.*, standing. *United States v. $225,894 in U.S. Currency*, 852 F. Supp. 2d 578, 580 (D.N.J. 2012).

Having determined that Claimants' general objections have no merit, the Court now considers whether the special interrogatories are sufficiently tailored to seek information relevant to the Claimants' standing to contest forfeiture of the defendant properties. In making this determination, the Court is guided by the relevance standard of Rule 26(b) of the Federal Rules of Civil Procedure. *$39,557, More or Less, in U.S. Currency*, 2008 WL 2901318, at *2. Courts have approved special interrogatories that inquire into a claimant's identity, its interest in the defendant property, and the circumstances surrounding its acquisition of the defendant property. *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 642-43 (9th Cir. 2012) (rejecting claimant's argument that Rule G(6) "does not allow the government to pose any questions about the circumstances in which the claimant obtained an interest in the property . . . because it is contrary to the text of Rule G(6)(a) itself, which broadly allows the government to collect information regarding the claimant's 'relationship to the defendant property'" and because this "limited interpretation would make Supplemental Rule G(6)(a) superfluous because Supplemental Rule G(5)(a)(i)(B) already requires the verified claim to 'identify the claimant and state the claimant's interest in the property'"); *United States v. $63,575 in U.S. Currency*, No. 4:18CV02131 JCH, 2019 WL 2996001, at *2-3 (E.D. Mo. July 9, 2019) (granting Government's motion to compel responses to special interrogatories seeking "the time, date, and places in which any portion of the property was acquired," as well as "whether the defendant property was claimed on her local, state or federal income taxes"); *$272,000.00 in U.S. Currency*, 2017 WL 8780158, at *3 (granting Government's motion to compel response to special interrogatory seeking "each and every source from which she claims the Defendant Funds was derived" (alterations omitted)); *$307,970.00 in U.S. Currency*, 2013 WL 4095373, at *3 ("[P]ermissible interrogatories as to a claimant's relationship to the defendant property may encompass more than just the type of interest asserted in the property.").

The Court has carefully reviewed each of the Rule G interrogatories propounded by the Government and finds that the following interrogatories seek information relevant to Claimants' identities, their relationships to the defendant properties, the circumstances surrounding their acquisition of the defendant properties, and whether they are straw owners or in fact exercise dominion or control over the defendant properties: Special Interrogatories 1, 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), 3(g), 3(h), 3(i), 3(j), 3(k), 3(l), 3(m), 3(n), 3(q), 4, 5, 6, 7, 8, 11, and 12. Claimants are therefore directed to respond.[2]

To the extent Special Interrogatory 10 asks Claimants to provide identification information about Aquila Alpha LLC, Aquila Altair LLC, and Red Fronted Macau Trust, who are not parties or claimants in this action, the motion to compel is denied. However, Claimants are directed to provide the identification information sought by Special Interrogatory 10 as it relates to Claimants themselves.

Special Interrogatories 3(o) and 3(p) ask Claimants to specify the reasons they acquired the defendant properties and the reason the properties were purchased by an entity rather than an individual. The information requested is not relevant to Claimants' standing, and Claimants need

---

[2] The Government has voluntarily withdrawn Special Interrogatory 2, so Claimants need not respond.

4

not respond. *Cf. $133,420.00 in U.S. Currency*, 672 F.3d at 643 n.5 (finding special interrogatory requiring the claimant to explain "why anyone would travel anywhere with more than $133,420 in U.S. currency in a rented vehicle" to be beyond the scope of Rule G(6)(a)); *$272,000.00, More or Less in U.S. Currency*, 2017 WL 8780158, at *4 (denying motion to compel response to special interrogatory asking "the purpose of transporting the Defendant Funds from Flushing, New York (or elsewhere), to Jericho, New York" and "why the Defendant Funds were transported in the manner in which they were transported, and why the currency was transported in lieu of using cash and/or wire transfers").

Special Interrogatory 9 seeks information about the identity of homeowners' associations who receive fees or dues for the defendant properties and the amount of fees owed. At least one such association has filed a verified claim for unpaid common charges and assessments and would appear to be the appropriate recipient of such questions. (ECF No. 4). Claimants need not respond to Special Interrogatory 9.

## Conclusion

For the foregoing reasons, the Government's motion to compel is **GRANTED IN PART and DENIED IN PART**. The Clerk of Court is directed to terminate the motion at ECF No. 43. It is **SO ORDERED**.

_____
Hon. Leda Dunn Wettre
United States Magistrate Judge