UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>THE REAL PROPERTIES KNOWN AS 50 RIVERSIDE BOULEVARD, UNIT 21B, NEW YORK, NEW YORK, et al.,<br><br>*Defendants*. | Civil Action No. 18-9293<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Claimants Paul Parmar's, 21B One River Park, LLC's, and Dioskouroi Kastor Polydeuces, LLC's (collectively, "Claimants") Motion to Dismiss Plaintiff United States of America's ("Plaintiff" or the "Government") Complaint, ECF No. 1, (the "Original Complaint"), under Federal Rule of Civil Procedure 12(b)(6) and for Sanctions and Disqualification for Improper Use of Illegally Obtained Emails, ECF No. 61;

and it appearing that Plaintiff opposes Claimants' Motion, ECF No. 68;

and it appearing that this is a civil in rem action arising from allegations that Parmjit Parmar, Sotirios Zaharis, and Ravi Chivukula orchestrated an elaborate scheme to defraud a Private Investment Firm and others out of hundreds of millions of dollars in connection with the funding of a "go-private" transaction,[1] see generally, Am. Compl., ECF No. 69;

and it appearing that Plaintiff alleges that 50 Riverside Boulevard, Unit 21B, New York, New York, and 40 Broad Street, Unit 20FG, New York, New York (jointly, the "Defendants in rem") are properties constituting, and derived from, proceeds traceable to violations of, inter alia, 18 U.S.C. § 1343 and 18 U.S.C. § 1956 related to the alleged go-private scheme, id.;

---

[1] This civil action for forfeiture is related to a criminal case. See Cr. No. 18-735.

1

and it appearing that Claimants argue that the "case be dismissed, or, in the alternative, for an evidentiary exclusion and disqualification of Plaintiff's counsel" for Plaintiff's use of certain emails that they alleged were "illegally obtained" in contravention of 18 U.S.C. § 2701 and protected by the attorney-client privilege in the pleadings, Claimants' Br. at 27-28;

and it appearing that because Plaintiff filed an Amended Complaint after the filing of the instant Motion,[2] Claimants' Motion to Dismiss is moot;

and it appearing that the Court will still consider Claimants' Motion for Sanctions and Disqualification because both complaints rely on the emails Claimants' allege were improperly used;

and it appearing that the Court has inherent authority to impose sanctions for a party's use of improperly obtained evidence, see Minmetals, Inc. v. Dragon Boom, Ltd., No. 13-3834, 2015 WL 1530913, at *3 (D.N.J. Apr. 6, 2015) ("[A] district court has inherent authority to impose sanctions upon those who would abuse the judicial process.") (quoting Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir.1994));

and it appearing that the use of allegedly stolen emails is not on its own a basis on which to dismiss a civil forfeiture complaint, see Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions; see also Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3rd Cir. 1984) (explaining the sanction of dismissal is "extreme");

and it appearing that Claimants allege that individuals other than Plaintiff improperly accessed emails stored on a corporate email domain in violation of the Stored Communications

---

[2] Plaintiff has represented that the Amended Complaint is "identical to the [Original] Complaint it originally filed, except that it [does] not include 2 River Terrace, Unit 12J, New York, New York, and 18 and 19 Colts Gait Lane, Colts Neck, New Jersey" as defendants. Pl. Opp. at 11.

Act, 18 U.S.C. § 2701 ("SCA")[3] and never allege that the Government participated in or directed this electronic search, Claimants' Br. at 28-29; see also Declaration of Sarah Devlin ¶ 2, ECF No. 68.2;

and it appearing that therefore at this juncture Claimants have not demonstrated sanctions or disqualification are warranted on the alleged basis that the emails were wrongfully obtained;

and it appearing that Claimants also argue that "sanctions are still appropriate since many of the emails quoted are clearly protected under the attorney-client privilege," Claimants Br. at 31;

and it appearing that before imposing sanctions the Court "must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers," Wachtel v. Health Net, Inc., 239 F.R.D. 81, 100 (D.N.J. 2006) (internal quotation omitted);

and it appearing that the attorney-client privilege protects the confidential communication of legal advice between an attorney and client, see Kanefsky v. Honeywell Int'l Inc., No. 18-15536, 2020 WL 832918, at *2 (D.N.J. Feb. 20, 2020) ("The attorney-client privilege belongs to the client.") (internal quotations omitted);

and it appearing that in the corporate context the application of the privilege is "difficult, since in the corporate community, legal advice is often intimately intertwined with and difficult to distinguish from business advice," Leonen v. Johns-Manville, 135 F.R.D. 94, 98-99 (D.N.J. 1990) (internal quotations omitted);

---

[3] The Court need not determine whether a violation of the SCA occurred.  Rather, at issue is whether the Government's use of these emails is conduct that could warrant dismissal, exclusion, sanction, or disqualification.  Even assuming arguendo the collection of these emails did violate the SCA, Claimants have not demonstrated that the Government's use of these emails would be improper such that sanction or disqualification is warranted.

3

and it appearing that Claimants have not established that any claim of privilege belongs to them, or has not been waived, in the email communications described in the pleadings, see, e.g., Am. Compl. ¶ 83 (failing to list any Claimant as a party to the communication described);

and it appearing that Claimants have not put forth a sufficient basis on which to conclude that the communications described in the Complaint are so clearly related to pure legal advice—as opposed to business advice—that sanctions or disqualification are warranted from their reference in the pleadings,[4] see Maldonado v. New Jersey ex rel. Admin. Office of Courts-Prob. Div., 225 F.R.D. 120, 127 (D.N.J. 2004) ("[T] the party claiming the privilege has the burden of establishing that the privilege applies.");

**IT IS** on this 25th day of November, 2020,

**ORDERED** that Claimants' Motion to Dismiss the Complaint, ECF No. 61, is **DISMISSED as moot**, and it is further

**ORDERED** that Claimants' Motion for Sanctions and Disqualification for Improper Use of Illegally Obtained Emails, ECF No. 61, is **DENIED**.

/s/ *Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[4] At this time, the Court makes no finding as to whether any given email is in fact privileged. However, based solely on the descriptions in the complaints, the Court finds that the communications are such that any claim of privilege is not so clear as to warrant sanction or disqualification.